**FILED**
**APRIL 14, 2020**
**In the Office of the Clerk of Court**
**WA State Court of Appeals, Division III**

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 36636-7-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| GLORIA ANN MERCER, | ) | |
| | ) | |
| Appellant. | ) | |

LAWRENCE-BERREY, J. — Gloria Mercer appeals after her conviction for possession of a controlled substance. She argues her trial counsel was ineffective by not objecting to evidence of drug paraphernalia belonging to the occupants of her car. We conclude trial counsel's failure to object was both a legitimate trial strategy and nonprejudicial, and affirm her conviction.

FACTS

The reasonableness of defense counsel's trial strategy rests largely on the evidence anticipated at trial. For this reason, we highlight the facts from the arresting officer's report.

On April 10, 2018, Officer Michael Welch of the Colville Police Department stopped a car with a defective brake light. As he approached the driver's side door, he noticed the driver and two occupants. The driver was Gloria Mercer, in the front passenger seat was her husband, Robert Mercer, and in the back seat was Tanner Mitchell. Officer Welch recognized the two men from their prior drug activity and arrests. He also saw a trip permit on the back of the car that was not valid until the next day.

Officer Welch returned to his patrol car and began obtaining information about the car and its occupants. During this time, a K9 deputy arrived. The trained dog performed an open air sniff and alerted to the presence of narcotics.

Officer Welch returned to the stopped car and told Ms. Mercer she was under arrest for failing to transfer the car's title within 45 days. Officer Welch searched Ms. Mercer incident to arrest and found in her pocket a gray straw[1] with brown residue, which he believed to be used to smoke illegal drugs. After being advised of her *Miranda*[2] rights, Ms. Mercer agreed to talk. She said she knew the straw was used to smoke drugs but it belonged to a friend.

---

[1] This item is variously described as a pipe, a pen, or a straw.

[2] *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

2

Ms. Mercer consented to a search of her car, and the occupants also consented to a search. During the search, three items were found. The first item was a black container that contained smoking devices and tin foil that contained a brown residue. Mr. Tanner admitted the container was his and signed a written statement to that effect. The second item found in the trunk was a needle that contained a brown liquid. The third item was a glass pipe located near the passenger door. Initially, Mr. Mercer denied the second and third items were his, but later admitted they were, and signed a written statement to that effect.

The straw found in Ms. Mercer's pocket tested positive for heroin. The needle found in the trunk also tested positive for heroin.

The State charged Ms. Mercer with unlawful possession of a controlled substance. Before trial, the parties discussed the evidence that might be admitted. The State agreed not to elicit evidence that Ms. Mercer or the car's occupants were known drug users. The State said it intended to elicit testimony about the glass pipe found outside the passenger door and the needle found in the trunk, but did not intend to elicit testimony about the drug paraphernalia found inside Mr. Tanner's black container. The court asked whether what the State intended to elicit was problematic for the defense. Defense counsel responded:

3

> No, it's not, Judge. . . .  I know that Mr. Mercer indicated that he claimed ownership of the needle in the trunk and the other items and that the straw that has been tested . . . with heroin was found on my client's person.  I understand that Mr. Mercer's claim of ownership does not preclude the State from necessarily moving forward and prosecuting my client for also being in possession of what was in the trunk in which she was driving.  So, I understand that.

Report of Proceedings (RP) at 29.

Trial commenced on January 18, 2019.  The State elicited testimony from the officers about all items, even Mr. Tanner's black container.  Defense counsel did not object.  During cross-examination of the arresting officer, defense counsel was able to narrow the focus of the charged offense to the straw.

Ms. Mercer testified about how the straw came to be in her pocket.  She explained she was picking trash up in her yard and one item of trash was a curled up straw.  She said she suspected the straw had been used for drugs, but did not believe it had drugs in it.  She put it in her pocket and forgot about it.

She also testified about the car.  She said it was on her property when she moved there almost one year ago.  It had mechanical problems, and it sat for one year unrepaired because she could not afford to purchase parts.  She explained she purchased a three-day trip permit to take it to the shop.  She denied knowing about the needle in the trunk.

4

Once the evidence was presented, the trial court instructed the jury on the law, including unwitting possession. In closing, the State elected to prove its case on the basis of the straw only. It urged the jury to disbelieve Ms. Mercer's story about finding the straw in her yard. The State rhetorically asked, of all the trash she picked up in her yard, why would she put the straw in her pocket and throw away the rest. In response, defense counsel argued the jury should believe his client. He argued, instead of denying the straw likely had been used to smoke drugs, she admitted it.

The jury returned a guilty verdict, and the court thereafter entered its judgment and sentence. Ms. Mercer timely appealed.

## ANALYSIS

Ms. Mercer contends her trial counsel was ineffective for not objecting to the evidence of drug paraphernalia attributable to her husband and Mr. Tanner.

Washington courts have adopted a two-part test to determine whether defense counsel gives inadequate assistance. *State v. Hicks*, 163 Wn.2d 477, 486, 181 P.3d 831 (2008). This *Strickland*[3] test requires a defendant show (1) his counsel was deficient, represented by the counsel's performance falling below the objective standard of

---

[3] *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

reasonable professional norms, and (2) the deficiency was prejudicial. *Id.* To show prejudice, the defendant must show that, had counsel's performance not been deficient, there is a reasonable likelihood the outcome would have been different. *Id.*

To show deficient performance, the defendant must overcome the strong presumption that the performance was reasonable. *State v. Grier*, 171 Wn.2d 17, 33-34, 246 P.3d 1260 (2011). Only if, under the circumstances of the case, it can be shown there was no conceivable tactical reason for counsel's performance can this be overcome. *Id.* Generally, "[t]he decision to object, or to refrain from objecting even if testimony is not admissible, is a tactical decision not to highlight the evidence to the jury" and is not deficient. *State v. Kloepper*, 179 Wn. App. 343, 355, 317 P.3d 1088 (2014).

Here, defense counsel sought to project to the jury that his client was being honest. To prevail, the jury needed to believe his client's story about picking up the straw in her yard and not believing it had any drugs in it. Instead of objecting to evidence and highlighting it to the jury, he allowed the State to admit it. And, through cross-examination, defense counsel ably narrowed the evidence relied on by the State to the straw. This was a legitimate trial strategy.

Unfortunately, the jury did not believe Ms. Mercer. But its disbelief had to do with Ms. Mercer's story, not the other evidence. Ms. Mercer failed to explain why she had put the straw in her pocket but threw away the other trash.

Even if defense counsel's trial strategy was not perfect, his failure to object did not result in prejudice to Ms. Mercer. Even had the straw been the only item admitted, Ms. Mercer still was unable to explain why she put the straw in her pocket and threw away the other trash. We conclude Ms. Mercer was not prejudiced by defense counsel's strategy.[4]

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Lawrence-Berrey, J.

WE CONCUR:

_____        _____
Pennell, C.J.                            Andrus, J.[5]

---

[4] Ms. Mercer additionally argues the trial court erred by admitting evidence of other drug paraphernalia. But trial counsel's failure to object precludes us from reviewing this issue. RAP 2.5(a); *State v. Powell*, 166 Wn.2d 73, 82, 206 P.3d 321 (2009).

[5] The Honorable Beth Andrus is a Court of Appeals, Division One, judge sitting in Division Three under CAR 21(a).